**THOMPSON COE & O'MEARA, LLP**
Keven Steinberg (SBN 151372)
Pamela Woodside (SBN 226212)
12100 Wilshire Boulevard, Suite 1200
Los Angeles, California 90025
(310) 954-2400 / (310) 954-2345 Fax

Attorneys for Plaintiffs

**[List of Counsel Continues on Next Page]**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

JKL, IP COMPANY, LLC, a Michigan Limited Company; THE CADEN COMPANY d/b/a BANDIT, a California corporation and JODI CADEN,

Plaintiffs,

vs.

CREATIVE FORCES GROUP, INC., d/b/a TUMMY AID, a California corporation, PIXIOR, LLC, a California Limited Liability Company; XOCHITAL MEDINA, an individual; YASSINE AMALLAL, an individual; ALINA HAVANDIJIAN, an individual; JIM MARTINSON, an individual,

Defendants.

PIXIOR, LLC, a California Limited Liability Company;

Counter-Claimant,

vs.

THE CADEN COMPANY D/B/A BANDIT, a California corporation; LORI CADEN, an individual; JODI CADEN, an individual; CARMEN PULIDO, an individual; and ROE 1 through 20,

Counter-Defendants.

Case No: CV 16-9065 CBM (SSx)

**STIPULATED PROTECTIVE ORDER**

Complaint Filed: 05/27/2016
Counter-Claim Filed: 1/30/2017
Trial Date: 2/19/2019

**MICHAEL J. PERRY, ESQ., APLC**
Michael J. Perry (SBN 123124)
4640 Admiralty Way, Suite 500
Marina Del Rey, CA 90292
(310) 496-5710 / (310) 306-3456 Fax

Attorneys for Defendants/Counter Claimant,
Pixior, LLC and Yassine Amallal

**ADAM S. ROSSMAN, ESQ.**
Adam S. Rossman (SBN 175838)
449 S. Beverly Drive, Suite 210
Beverly Hills, California 90212
(310) 592-4837 / (310) 623-1941 Fax

Attorneys for Defendants,
Creative Forces Group Inc. dba Tummy Aid,
Xochital Medina, and Alina Havandijian

**KOELLER, NEBEKER, CARLSON & HALUCK, LLP**
Robert A, Fisher, II, Esq.
Gary L. Hoffman, Esq.
Tracy Lyn Hughes, Esq.
3 Park Plaza, Suite 1500
Irvine, California 92614
(949) 864-3400 / (949) 864-9000 Fax

Attorneys for Counter-Defendants,
The Caden Companies, Inc., Jodi Caden,
and Lori Caden

## 1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them

to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B. GOOD CAUSE STATEMENT**

This action involves trade secrets, proprietary information, customer and pricing lists, manufacturing, design and distribution information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, such as pricing for services and products, bank statements, employee handbooks, customer and client information payroll records, purchase orders, invoices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated

without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 Action: This pending federal law suit.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Highly sensitive "CONFIDENTIAL Information or Items," the disclosure of which to another Party or Non-Party would create a risk of serious competitive or business harm.

2.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"(hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as the case may be. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or the "HIGHLY CONFIDENTIAL legend" to each page that contains

Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify on the record before the close of the deposition all protected testimony. Alternatively, a Designating Party may designate a deposition transcript or any portion of a transcript as protected testimony within 30 days after receipt of the final transcript from the court reporter, by sending to Outside Counsel for each Party a written notice identifying the transcript or a portion thereof (by pages and line numbers) that contain Protected Material and requesting that the transcript be marked as described in the next paragraph.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages and line numbers that have been designated as Protected Material and the level of protection being asserted by the Designating Party. Such legend and list shall be applied by the court reporter for designations that occur on the record of the deposition, and the Designating Party shall inform the court reporter of these requirements. In the event that the transcript or a portion thereof is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" after preparation of the final transcript, the legend shall be applied by any recipient of the written notice described in the preceding paragraph, and (in the case of designations of less than the entire transcript) the Designating Party shall provide a list of the designated pages and lines, which the recipient shall affix or append to any copies of the deposition in its possession (including electronic copies). If it so chooses, the recipient of such written notice may comply with the requirements of this paragraph by affixing the Designating Party's complete written notice, including the list of designated pages and lines, to the cover of each transcript.

Prior to the expiration of the 30-day period for designation, all deposition testimony shall be treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Any Party may challenge a proposed designation of testimony given in a deposition as Protected Material. Upon such challenge, the parties shall follow the procedures described in section 6 ("CHALLENGING CONFIDENTIALITY DESIGNATIONS"). Until such challenge is resolved, the designated transcripts or portions of transcripts shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges: Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption

or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer: The Challenging Party shall initiate the dispute resolution process by providing written notice to the Producing Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly, either in person, via video conferencing service (such as Skype), email, or by telephone, within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention: If the Parties cannot resolve a challenge without court intervention, the Parties must meet and confer in person, if not already done, to try to resolve the dispute. Either Party may demand such a meeting with 7 days' notice. The meeting shall be held in the office of demanding party.

If the Parties do not resolve their disagreements through this procedure, the Parties must file a joint letter brief no later than five days after the Parties' in-person meet-and-confer. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." The joint letter may be no more than five pages (12-point font or

greater, margins no less than one inch) without leave of the court. The Parties must sign the letter and attest that they met and conferred in person. Each issue must be set forth in a separate section that includes (1) a statement of the unresolved issue, (2) a summary of each Parties' position (with citations to supporting facts and legal authority), and (3) each Party's final proposed compromise.

If the disagreement concerns specific discovery that a Party has propounded, the Parties must reproduce the question/request and the response in full either in the letter or, if the page limits in the letter are not sufficient, in a single joint exhibit. The court will then review the letter brief and determine whether formal briefing or future proceedings are necessary. In emergencies during discovery events such as depositions, the Parties may contact the court through the court's courtroom deputy, but the Parties first must send a short joint email describing the nature of the dispute to marlene_Ramirez@cacd.uscourts.gov

All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7.3.1 The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A;

7.3.2 Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A;

7.3.3 The court and its personnel;

7.3.4 Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; and

7.3.5 The author or any recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew that material.

///

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY "that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced

by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A".

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material

may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13. FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

THOMPSON COE & O'MEARA, LLP

DATED: August 18, 2017

By: /s/Keven Steinberg
Keven Steinberg, Esq.
Pamela E. Woodside, Esq.
Attorney for Plaintiffs,
JKL IP Company, LLC, a Michigan limited liability company; The Caden Company dba Bandit, a California corporation and Jodi Caden

MICHAEL J. PERRY, ESQ. APLC

DATED: August 18, 2017

By: /s/Michael J. Perry
Michael J. Perry, Esq.
Attorney for Defendants,
Pixior, LLC, a California Limited Liability Company and Yassine Amallal, an individual and Counter-Claimant, Pixior, LLC, a California Limited Liability Company

ADAM ROSSMAN, ESQ.

DATED: August 18, 2017

By: /s/Adam Rossman
Adam Rossman, Esq.
Attorney for Defendants,
Creative Forces Group, INC., dba Tummy Aid, a California corporation, Xochital Medina, an individual; and Alina Havandijian, an individual

KOELLER | NEBEKER | CARLSON | HALUCK, LLP

DATED: August 18, 2017

By: */s/Tracy Hughes*
Robert Fisher, Esq.
Tracy Hughes, Esq.
Attorney for Counter-Defendants, The Caden Company dba Bandit, a California corporation, Lori Caden, an individual and Jodi Caden, an individual

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 8/21/17

United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________________ [print or type full name], of__________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ________________ in the case of *JKL, etc. v. Tummy Aid, etc.,* CV 2:16-cv-09065-CBM-SS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provision of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action. I hereby appoint __________________________________ [print or type full name] of __________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ___________________________________________

City and State where sworn and signed:______________________________

Printed name:_____________________________________

Signature:______________________________________________________

**PROOF OF SERVICE**

***By Electronic Filing and Service Pursuant to Local Rule 5-3.2***

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 12100 Wilshire Boulevard, Suite 1200, Los Angeles, California 90025.

I hereby certify that on **August 18, 2017**, a copy of the following document ***NOTICE OF LODGING AND LODGING OF STIPULATED PROTECTIVE ORDER***, was filed electronically in the action *JKL IP Company, LLC, et. al. vs. Creative Forces Group, Inc., et. al.* (Case No. 16-cv-09065-CBM-SS) and served on the parties as follows:

**SEE ATTACHED SERVICE LIST**

[X] Notice of this filing will be sent to the parties indicated on the attached Service List by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

[X] **As indicated on the attached Service List, by Electronic Filing and Service Pursuant to Local Rule 5-3.2:** I caused the document(s) listed above to be served on all parties indicated on the attached Service List via the Court's Electronic Filing System, which constitutes service pursuant to Local Rule 5-3.2 of the above-entitled Court

[ ] **BY MAIL** – I deposited such envelope(s) with postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at Los Angeles, California. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under the practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing, pursuant to this affidavit.

[ ] **BY OVERNIGHT COURIER** – I caused the document(s) listed above to be delivered in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery via FEDERAL EXPRESS to the person(s) at the address(es) set forth below.

[ ] **BY ELECTRONIC SERVICE** – Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document(s) listed above to be sent to the person(s) at the notification address(es) set for below.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on **August 18, 2017**, in Los Angeles, California.

**KARLA GONZALEZ**

**SERVICE LIST**

*JKL IP Company, LLC, et. al. vs. Creative Forces Group, Inc., et. al.*
Case No.: 16-CV-09065-SBM-SS / Our Matter No.: 50163.002

| | |
|---|---|
| Robert A. Fisher, II, Esq.<br>Gary L. Hoffman, Esq.<br>Tracy Lyn Hughes, Esq.<br>**KOELLER, NEBEKER, CARLSON & HALUCK, LLP**<br>3 Park Plaza, Suite 1500<br>Irvine, California 92614<br>(949) 864-3400 / (949) 864-9000 Fax<br>E-mail: Robert.fisher@knchlaw.com<br>E-mail: Sofia.alvarado@knchlaw.com<br>E-mail: Tracy.hughes@knchlaw.com | **Attorneys for Counter-Defendants, *The Caden Companies, Inc.; Jodi Caden and Lori Caden*** |
| Michael J. Perry, Esq.<br>**LAW OFFICES OF MICHAEL J. PERRY**<br>4640 Admiralty Way, Suite 500<br>Marina del Rey, California 90292<br>(310) 496-5710 / (310) 306-3456 Fax<br>E-mail: Mjp@michaeljperrylaw.com | **Attorney for Defendants, *Pixior, LLC and Yassine Amallal* and Counter-Claimants, *Pixior*** |
| Adam Steven Rossman, Esq.<br>**LAW OFFICES OF ADAM S. ROSSMAN**<br>449 S. Beverly Drive, Suite 210<br>Beverly Hills, California 90212<br>(310) 592-4837 / (310) 623-1941 Fax<br>E-mail: adamrossman66@gmail.com | **Attorney for Defendants, *Creative Forces Group, Inc., Alina Havandjian; Xochitl Medina*** |